J. S17041/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SHAYVON AKEEM MO MORGAN, | : | No. 625 MDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered January 3, 2019,
in the Court of Common Pleas of York County
Criminal Division at No. CP-67-CR-0002985-2017

BEFORE:  PANELLA, P.J., STABILE, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JUNE 23, 2020**

Shayvon Akeem Mo Morgan appeals the January 3, 2019 judgment of sentence, entered in the Court of Common Pleas of York County, after a jury convicted him of receiving stolen property; criminal conspiracy to manufacture, deliver, or possess with intent to manufacture or deliver; firearms not to be carried without a license; and in persons not to possess a firearm.[1]  The trial court sentenced appellant to an aggregate term of 6 to 13 years' incarceration.  We affirm.

The following facts were gleaned from the trial court's Rule 1925(a) opinion:  Appellant and his co-conspirator, Dysheem Jones, fled from the scene of an automobile accident and ran towards Rutter's Dairy.  There,

---

[1] 18 Pa.C.S.A. §§ 3925(a), 903(a)(1) (35 P.S. § 780-113(a)(30)), 6106(a)(1), and 6105(a)(1), respectively.

appellant and Jones approached Dennis Hoke, a Rutter's employee, and offered him $100 to give them a ride out of the area. When Hoke asked appellant and Jones where they wanted to go, they responded "anywhere but here." Hoke described their demeanor as being "very, very nervous." Although Hoke saw neither appellant nor Jones deposit anything on the ground, after they left the area Hoke observed a clear plastic bag of marijuana and another bag of a white powdery substance, consistent with crack cocaine, lying on their path. (Trial court opinion, 11/8/19 at 3-5.)

Appellant and Jones proceeded to enter a Budget Rental. When asked by the manager, Joseph Charles, if he could help them, they responded that they were waiting for their girl to come. Then appellant went into the bathroom, and Jones went into a backroom. Charles asked Jones if he could be of assistance, and Jones replied that he was just leaving. Charles informed Jones that the back door was locked. While Jones was attempting to exit through the front door, State Trooper Patrick Kelly was entering the building. Jones was taken into custody. A search revealed Jones was in possession of cocaine, heroin, and marijuana. (*Id.* at 5-6, 9.)

Appellant exited the bathroom and surrendered to Trooper Kelly. Although no drugs were found on his person, he was in possession of $506 in cash. Shawn Chambers, a Budget employee, testified that she had cleaned the bathroom the previous day. She stated that she put the bathroom trash can near the bathroom door with a new trash bag draped over its side. When

she returned the day of the incident, she put in the new bag. At that time, all that was in the trash can were some paper towels. Chambers further testified that no one had entered the bathroom prior to appellant. Trooper Richard Sentak testified that he searched the bathroom and recovered a firearm from the trash can. The firearm was operable and appellant was ineligible to possess a firearm. (*Id.* at 6-10.)

On September 20, 2018, a jury convicted appellant of all counts. Appellant was sentenced on January 3, 2019. Timely post-sentence motions were filed and denied by the trial court. Appellant timely appealed. The trial court ordered appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), and he timely complied. Thereafter, the trial court filed its Rule 1925(a) opinion.

Appellant complains that the trial court abused its discretion when it denied his request for a prior inconsistent statement instruction.[2]

---

[2] Appellant inartfully frames his issue as follows:

> [Whether t]he trial court abused its discretion when it denied [a]ppellant's request for a jury instruction on prior inconsistent statements[?] A key Commonwealth witness provided a substantially different statement at trial implicating [a]ppellant in criminal activity compared to the statements provided prior to trial. The instruction on prior inconsistent statements was appropriate under the circumstances and not harmless error.

Appellant's brief at 4.

"[O]ur standard of review when considering the denial of jury instructions is one of deference—an appellate court will reverse a court's decision only when it abused its discretion or committed an error of law." *Commonwealth v. Galvin*, 985 A.2d 783, 798-799 (Pa. 2009).

Under Pa.R.Crim.P. 603 and 647(C),

> the mere submission and subsequent denial of proposed points for charge that are inconsistent with or omitted from the instructions actually given will not suffice to preserve an issue, absent a specific objection or exception to the charge or the trial court's ruling respecting the points [for charge].

*Commonwealth v. Hitcho*, 123 A.3d 731, 756 (Pa. 2015).

Here, appellant's counsel requested a charge on prior inconsistent statements. (Notes of testimony, 9/18/18 at 279-281.) The trial court denied counsel's request, and counsel did not object or take exception to the ruling. (*Id.*, at 286.) Following the jury charge, the trial court inquired as to whether counsel had anything further and counsel did not object or take exception to the charge. (*Id.* at 363.) Appellant, therefore, waived his challenge to the jury charge.[3]

Judgment of sentence affirmed.

---

[3] Even if a specific objection had been lodged, this claim still fails because the evidence did not support the charge. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1257 (Pa.Super. 2014) (noting trial court should not instruct on legal principles not supported by evidence), *appeal denied*, 104 A.3d 1 (Pa. 2014), *see also Commonwealth v. Rayner*, 153 A.3d 1049, 1061-1062 (Pa.Super. 2016) (finding prior inconsistent statement must be incompatible with trial testimony), *appeal denied* 169 A.3d 1046 (Pa. 2017), *certiorari denied*, ___ U.S. ___, 138 S.Ct. 976 (2018).

J. S17041/20

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/23/2020